SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
  James P. Hill, SBN 90478
  Gary B. Rudolph, SBN 101921
  Kathryn A. Healy, SBN 279602
600 B Street, Suite 1700
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

**Electronically Filed: 04/10/2019**

Attorneys for James L. Kennedy, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SANDRA J. FISHER,<br><br>        Debtor. | CASE NO. 17-05317-LA7<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION TO SELL INTEREST IN PUREWICK STOCK PAYMENT RIGHTS**<br><br>**AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: May 9, 2019<br>Time: 2:00 p.m.<br>Dept.: 2<br>    Hon. Louise DeCarl Adler |

## MOTION TO SELL INTEREST IN PUREWICK STOCK PAYMENT RIGHTS

On August 31, 2017 the debtor filed a Chapter 13 bankruptcy case. The Chapter 13 case was converted to a Chapter 7 on May 24, 2018 and James L. Kennedy was appointed interim trustee of the debtor's Chapter 7 bankruptcy case ("Trustee"). The Trustee is now the permanent trustee and is so acting.

///

- 1 -

403211-v1

In the debtor's Statement of Financial Affairs and Schedule of Assets and Liabilities the debtor identified in Schedule A/B 53 periodic payments relating to the sale of the Purewick Stock valued at $30,000. In Schedule C [ECF 1] filed August 31, 2017, the debtor listed as an exemption her interest in the periodic payments relating to the sale of the Purewick Stock. Thereafter in an amendment filed November 29, 2017 [ECF 23] the Debtor amended Schedule C and deleted her exemption in the payments related to the sale of Purewick Stock.

The debtor, while employed at Purewick Corporation ("Purewick"), as a Quality Safety Manager, received employee incentive stock options that equated to 250 shares of stock in Purewick. Purewick was acquired in a merger by C.R. Board and stock options were accelerated. No stock was ever issued – instead the share purchase rights were turned into payment rights ("Purewick Stock Payment Rights").

The debtor has offered to buy the Purewick Stock Payment Rights for $20,000 subject to overbid as set forth below:

    A.    At any time prior to seven (7) calendar days before the hearing on the Sale of the Purewick Stock Payment Rights ("Sale Hearing"), any party interested in participating in the sale as a potential overbidder (other than Debtor) must become a "Qualified Overbidder" by:

        1. Providing Notice to the Trustee, identifying the proposed purchaser and providing sufficient information regarding the proposed purchaser and the proposed acquisition consideration to enable the Trustee to evaluate the capability of the proposed purchaser to complete the transaction and the feasibility and valuation of the proposed consideration;

        2. Depositing with the Trustee a cashier's check drawn on a California Bank or wire transfer in the amount of Twenty-Two Thousand Five Hundred Dollars ($22,500.00) ("Bidder Deposit"). If the Qualified Overbidder is the successful bidder, the Bidder Deposit shall be applied and credited toward payment of the purchase price at the Closing. If the Qualified Overbidder is not the successful bidder, the Bidder Deposit shall be refunded to the Qualified Overbidder within

                        fifteen (15) calendar days following entry of the order approving the Sale.

                3. Executing an Overbidder Agreement in substantially the same form of the Asset Purchase Agreement ("APA");

B.     Buyer and any Qualified Overbidders and/or their qualified representatives must be present to participate in the overbid process by making a personal appearance at the Sale Hearing.

C.     If there is an overbid and the successful Overbidder does not consummate the sale the Trustee will be able to offer the property to the next highest Overbidder without further notice to creditors.

D.     If one or more potential overbidders have become a Qualified Overbidder, as provided above, the Trustee will request at the Sale Hearing that the Bankruptcy Court conduct an overbid of the Purewick Stock Payment Rights. If no Qualified Overbidder is present, the Bankruptcy Court shall be requested to enter a Sale Approval Order (as defined below) approving the Debtor as the winning bidder. If a Qualified Overbidder complies with the requirements set forth above, an Overbid Sale shall be conducted by the Trustee at the Sale Hearing and at such Overbid Sale, the Trustee shall recommend to the Bankruptcy Court that the minimum incremental bid be $2,500 and the Trustee shall recommend to the Bankruptcy Court limitations on the types of consideration that can be taken into account for purposes of evaluating subsequent bids. An offer for the Purewick Stock Payment Rights shall be preferred to an offer for a portion thereof. An all cash offer shall be preferred to one with a royalty-type payout or other illiquid, non-cash consideration. At the conclusion of the Overbid Sale, Trustee shall designate the increased bid that is the highest and best bid, which the Trustee will recommend to the Bankruptcy Court. However, the Trustee shall not be deemed to have accepted any bid unless and until such bid and Trustee's acceptance thereof has been authorized and approved by order of the Bankruptcy Court (the "Sale Approval Order").

       The Purewick Stock Payment Rights are sold in an "as is, where is" condition with no representations or warranties by the Trustee and free clear of liens,

403211-v1

encumbrances and interests which will attach to the sale proceeds in order of their validity, enforceability, priority and amount 11 U.S.C §363(f). A copy of the Asset Purchase Agreement ("APA") is attached as Exhibit "A" to the Declaration of James L. Kennedy, Chapter 7 Trustee, filed in support hereof ("Kennedy Declaration").

Based on the declaration of Sandra J. Fisher, the negotiations between her and the Trustee were conducted at arm's length and occurred without duress, coercion, or undue influence. The Purewick Stock Payment Rights are being purchased in good faith pursuant to 11 U.S.C. §363(m).

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### I.

### FACTUAL BACKGROUND

Prepetition the debtor was a quality safety manager at Purewick. In or about August 2016, she was awarded incentive employee stock options in the total amount of 250 shares. Purewick was acquired in a merger transaction in or about June 2017. No stock was ever issued to the employees – instead they were converted into payment rights. Based on a June 2017 appraisal, the debtor's shares were valued at $252 per share or $63,000. See ¶ 2 of the Kennedy Declaration.

To date, the debtor has received $20,000 in 2017 at the time of the merger and another payment of approximately $20,336.17 in April 2018, prior to the case being converted to a Chapter 7, which was deposited in an account at Mission Federal and exempted in Amended Schedule C on May 24, 2018 [ECF 45]. Additionally, during the Chapter 7, the Trustee received approximately $1,612.17 in periodic payments relating to the Purchase Stock Payment Rights. Future payments are dependent on future sales by the company of a disposable external catheter for women and are speculative. See ¶3 of the Kennedy Declaration.

/ / /

/ / /

- 4 -

403211-v1

## II.

## SALE OF THE PUREWICK STOCK PAYMENT RIGHTS IS IN THE BEST INTEREST OF THE ESTATE AND A REASONABLE EXERCISE OF THE TRUSTEE'S BUSINESS JUDGMENT

Section 363(b)(1) of the Bankruptcy Code authorizes the Trustee, after notice and a hearing, to sell property of the estate other than in the ordinary course of the Debtor's business. Notice of the proposed sale is required consistent with Rule 6004(a) and (f) of the Federal Rules of Bankruptcy Procedure.

Generally, the proposed sale of assets of the estate should be approved if there is a valid business justification for the sale and if it is in the best interest of the estate. *In Re 240 N. Brand Partners, Ltd.,* 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) and *In re Walter,* 83 B.R. 14, 19 (B.A.P. 9th Cir. 1988).

The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See, In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir. 2004); and *Four B. Corp. v. Food Barn Stores, Inc.* (*In Re Barn Stores, Inc.*), 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand").

To that end, courts uniformly recognize that procedures to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy transactions. *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 537 (3d Cir. 1999).

The Trustee posits that the overbid procedure outlined herein will expose the Purewick Stock Payment Rights to the marketplace and thus enhance the likelihood that the sale will generate the greatest possible return.  The sale is being noticed to the attorney for Purewick believing that the most likely audience interested in purchasing the Purewick Stock Payment Rights are existing employees at Purewick.  See ¶4 of the Kennedy Declaration.  It is projected that Notice of the Sale will be posted on the

403211-v1

NABT website. The Purewick Stock Payment Rights will be sold in an "as is, where is" condition.

Pursuant to the declaration of the debtor, the Trustee respectfully requests the court determine, that the negotiation for the sale of the Purewick Stock Payment Rights occurred in an arm's length transaction without duress, coercion or undue influence and that the debtor is buying the Purewick Stock Payment Rights in good faith. 11 U.S.C. §363(m). Accordingly, the Trustee's sale of the Purewick Stock Payment Rights, subject to overbid, is a proper exercise of his business judgment and the performance of his duties under Section 704(a)(1) of the Bankruptcy Code.

## III.

## THE PUREWICK STOCK PAYMENT RIGHTS SHOULD BE SOLD FREE AND CLEAR OF LIENS

Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interests in such property of an entity other than the estate, only if–
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money judgment of such interest.

11 U.S.C. § 363(f). Section 363(f) is written in the disjunctive. Therefore, satisfaction of any one of the five conditions is sufficient to sell property free and clear of any interests in such property.

- 6 -

403211-v1

1       Attached as Exhibit "A" to the Rudolph Declaration is a UCC-1 Financing Statement recorded by Contractor Managing General Insurance Agency, Inc. ("Contractor"), on September 12, 2016, as document no. 16-7545783864. It references a lien on collateral described in paragraph 7 of a General Indemnity Agreement attached to the UCC-1 Financing Statement. However, none of the collateral identified in paragraph 7 encumbers general intangibles which would include the Purewick Stock Payment Rights. Accordingly, the lien of Contractor is in bonafide dispute pursuant to 11 U.S.C. §363(f)(4).

      Additionally, attached as Exhibit "B" to the Rudolph Declaration is a Notice of Judgment Lien recorded by Gateway Commercial Finance, LLC ("Gateway") on June 8, 2017, as document no. 17-7589805757. The underlying bankruptcy was filed August 31, 2017. As a result, the Notice of Judgment Lien was recorded within 90 days of the bankruptcy filing and is arguably an avoidable preference pursuant to 11 U.S.C. §547(b). Further, pursuant to Section 697.530 of the California Code of Civil Procedure, a judgment lien does not encumber general intangibles. Therefore, the judgment lien of Gateway is in bonafide dispute pursuant to 11 U.S.C. §363(f)(4).

      Accordingly, the Purewick Stock Payment Rights can be sold free and clear of the liens of Contractor and Gateway.

/ / /

- 7 -

403211-v1

## IV.

## **CONCLUSION**

It is respectfully requested that the Trustee's Motion to sell the debtor's interest in the Purewick Stock Payment Rights be approved as set forth herein.

Respectfully submitted.

Date:  April 9, 2019

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation

By:  */s/Gary B. Rudolph*
Gary B. Rudolph
Attorneys for James L. Kennedy,
Chapter 7 Trustee

403211-v1